**Frederick HEDGESPETH, Appellant**

v.

**Roy L. HENDRICKS, former administrator of New Jersey State Prison; Richard Runcie, former chief of custody at New Jersey State Prison; Lieutenant Washington, Lieutenant, New Jersey Department of Corrections; John Doe# 1, Lieutenant, New Jersey Department of Corrections; John Doe# 3, Special Investigations Division Officer, New Jersey Department of Corrections; John Doe# 4, Lieutenant, New Jersey Department of Corrections; Sergeant S. Wilson, Sr., Sergeant, New Jersey Department of Corrections; Dave Doe# 2, New Jersey Department of Corrections; Makarski, Disciplinary Hearing Officer, New Jersey State Department of Corrections; Michelle Ricci, Assistant Administrator, New Jersey State Prison; Brenda O'Gara, Administrative Analyst II, Business Office and Inmate Trust Fund Accounts, New Jersey State Prison.**

No. 09–1314.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 July 23, 2009.

Opinion filed: Aug. 10, 2009.

Frederick Hedgespeth, Trenton, NJ, pro se.

Thomas E. Kemble, Esq., Office of Attorney General of New Jersey, Trenton, NJ, for Appellee.

Before: RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Frederick Hedgespeth, an inmate at New Jersey State Prison, appeals pro se from an order by the District Court granting defendants' motion for summary judgment. For the reasons provided by the District Court, we will summarily affirm.

On August 17, 2006, Hedgespeth filed a pro se complaint pursuant to 42 U.S.C. § 1983 alleging that defendants violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. In his 100–plus page complaint, Hedgespeth listed thirteen causes of action, which stemmed from an incident on July 25, 2004, when he and other inmates in his housing unit were subjected to a strip search and placed on "lockdown" status. Hedgespeth states he complained about a prison cell condition during the lockdown and that as a result, he was retaliated against, ordered out of his cell, and subjected to additional strip searches over the next three hours. He was then transferred to a detention housing unit to await a disciplinary hearing and deprived of privileges afforded to general population prisoners. Hedgespeth subsequently received notice that he was charged with attempted escape and again, claims he was subjected to further strip searches. Hedgespeth received a disciplinary hearing, but claims that he was not permitted the opportunity to confront witnesses. He was found not guilty of the attempted escape charge and released from administrative segregation. Hedgespeth alleges, however, that he is entitled to work credits and back pay for his time spent in administrative segregation and awaiting his hearing and requests declaratory, injunctive, and monetary relief.

Defendants initially filed a motion to dismiss, which the District Court granted in part and denied in part. Hedgespeth's surviving claims included: (1) his right to due process in connection with the procedures that were supposed to be afforded to him at his disciplinary hearing; (2) his right to due process in connection with the allegedly false disciplinary charges brought against him; (3) his First Amendment rights when he was falsely charged, strip searched, and placed in administrative detention in retaliation for complaining about prison conditions; and (4) his liberty interest in receiving back pay.

Defendants filed a motion for summary judgment which set forth six arguments, including Hedgespeth's failure to exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e. Defendants also filed with the District Court a separate letter that indicated that the New Jersey Department of Corrections reimbursed Hedgespeth $66.00, the amount he requested in back pay. The District Court granted defendants' motion for summary judgment based on their exhaustion argument and found that Hedgespeth's back pay claim was moot. Hedgespeth timely appealed.

We have appellate jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over a district court's order of summary judgment. *See Kaucher v. County of Bucks*, 455 F.3d 418, 422 (3d Cir.2006). Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

■ The District Court properly found that Hedgespeth failed to exhaust administrative remedies before filing his complaint. Under the Prison Litigation Reform Act ("PLRA"), prisoners must first properly exhaust their administrative remedies before filing an action under section 1983. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 83, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Defendants demonstrated that Hedgespeth failed to properly exhaust his administrative remedies based on an affidavit by a prison official involved in processing inmate grievances and appeals, copies of the administrative grievance forms filed by Hedgespeth, and his own testimony at his deposition.

The record indicates that Hedgespeth filed two grievances: (1) to request compensation for his improper detention and (2) to request back pay and work credits for the time he was administratively detained and awaiting his disciplinary hearing.[1] Although he argued that the proper grievance form was unavailable to him, presumably to show that he was prevented when he tried to administratively exhaust his claims, this argument lacks merit. Hedgespeth conceded that prison officials permitted him to use a substitute form to exhaust his remedies. *See Spruill v. Gillis*, 372 F.3d 218, 227–28 (3d Cir.2004).

---

1. As the District Court notes in its opinion, Hedgespeth contended that he filed forms regarding his constitutional claims in addition to the two Inmate Request Forms that are part of the record. Hedgespeth claimed that these forms were in his possession because they were returned to him as improperly filed. Hedgespeth never provided these documents to the court, and even if he had, exhaustion includes a procedural default component. *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004). An "untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the mandatory exhaustion requirement of the PLRA. *Woodford v. Ngo*, 548 U.S. 81, 83, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *see also Spruill*, 372 F.3d at 230. Accordingly, such documents would further support defendants' claim that Hedgespeth failed to properly exhaust his remedies.

When completing a grievance, the New Jersey State Prison Inmate Handbook instructs inmates to be "as clear, complete and easy to read as possible, and be based on the facts concerning the problem or question being presented." However, even construing Hedgespeth's submitted grievances liberally, he failed to allege (1) that defendants retaliated against him for exercising his First Amendment rights; (2) that he was subjected to retaliatory discipline strip searches; or (3) that he was denied due process with respect to the disciplinary charges. Although Hedgespeth contended that his reference to "compensation" broadly encompassed the constitutional claims set forth in his complaint, he conceded in his deposition that "compensation" referred to "[m]y back pay and my time credit." Hedgespeth neither included any facts relevant to his constitutional claims in his filed grievances nor named any of the individuals involved in the claims contained in his complaint. *See Spruill,* 372 F.3d at 230 (an exhaustion rule can be fairly read to include a procedural default component). In fact, the words "retaliation," "false charges," or "strip search" do not appear at all. Thus, it is clear from the scope of his submitted forms that he did not properly exhaust the constitutional claims alleged in his complaint.

In addition, Hedgespeth could have filed a grievance regarding the alleged due process violations at his disciplinary hearing, which was a distinct and separate event from his improper detention. Yet, as the record indicates, Hedgespeth did not submit anything challenging the disciplinary decision. Hedgespeth argued that multiple grievances on the same subject constitutes an abuse of the grievance procedure. However, submitting a grievance on his disciplinary hearing would not have been a redundant claim. Accordingly, the District Court properly concluded that no genuine issue of material fact exists as to whether Hedgespeth properly exhausted the available administrative remedies with respect to his constitutional claims. Summary judgment was proper.

■ With respect to the surviving claim involving Hedgespeth's liberty interest in receiving back pay, we agree with the District Court that this claim was rendered moot. The record indicates that the State provided Hedgespeth with the relief he requested, namely $66.00 in back pay. *See Donovan v. Punxsutawney Area Sch. Bd.,* 336 F.3d 211, 216 (3d Cir.2003) ("if developments occur during the course of adjudication that ... prevent a court from being able to grant the requested relief, the case must be dismissed as moot") (citations omitted).

■ Finally, the District Court properly denied Hedgespeth's Motion for Default Judgment as to defendant Richard Runcie because Hedgespeth failed to effect service of the complaint. A plaintiff is responsible for serving a complaint within 120 days after the complaint is filed with the court. Fed.R.Civ.P. 4(c)(1), (m). The District Court's docket indicates that Hedgespeth filed his action on August 17, 2006, and on November 13, 2006, the summons and complaint for defendant Runcie were returned to the Court as unexecuted. The docket does not reflect that Runcie was ever served with the complaint during the two-year span in which the parties continued to litigate the case. Thus, the District Court properly denied Hedgespeth's motion.

As the appeal presents no substantial question, we will summarily affirm the District Court judgment. *See* 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.